Trippe, Judge.
1. The defendant did not plead in abatement the non-joinder of Brummel, nor did the non-joinder of a necessary party appear upon the face of the pleadings. He was not, therefore, entitled to a motion for a non-suit, nor to the first charge requested, in so far as it applied to the suit being brought against Hewitt & Company. This, of itself, relieved the refusal of the Court to give the written request in charge, *from being error: 1 Chancery Pleadings, 46. But that portion of the request that refers to an action against Brummel, individually, should *361 have been qualified by the proviso that Hewitt did not know the money belonged to Mrs. Brummei, for under the facts proven by the plaintiff, as to the ownership of the money and Hewitt’s knowledge of it, both Hewitt and Brummei would have been responsible had the firm used it, even by Brummel’s authority.
2. The plaintiff claimed that Hewitt was the bailee of the money, and used it in the firm business. If so he was liable. The defendant replied that it was Brummel’s money, or if it was his wife’s he did not know it, and that Brummei put it into the co-partnership. The firm had been dissolved, and Hewitt had a receipt of a full settlement with his co-partner, showing that he, Hewitt, succeeded to all the assets and was to discharge all the liabilities. We do not see how that receipt could illustrate the question of Hewitt’s liability on this bailment to Mrs. Brummei, or how her rights could be affected by it.
3. The suit was for $950 00 in gold, or its equivalent in currency. The plaintiff made a demand in January, 1872, and there was a verdict for $950 00, with interest from the-9th January, 1872. There was no proof of the value of gold at the time of the demand or afterwards. The Court cannot judicially take cognizance of the fact whether or not gold is worth a premium over currency, or if so, what that premium is. The verdict is for currency. Therefore, it was not shown by the pleading— for the value of the gold was not alleged — nor by the proof, nor by the verdict that the claim was beyond the jurisdiction of the City Court. That jurisdiction is limited to $1,000 00. The plaintiff was only entitled to recover what was due her at the time of the demand, to-wit: 9th January, 1872, with interest. She only proved $950 00 in gold, without any proof as to its value at that time or afterwards. The action was in assumpsit, or complaint on contract. The pleader entitled it at the conclusion of the declaration ^“petitioner’s demand.” It certainly is not an action of trover.
4. We cannot think the defendant was injured by the Court’s remarking to the jury that if they did not make haste he would not be present to receive their verdict, as the Court-room would in a few minutes be occupied by a public meeting, and adding immediately, “You can then seal your verdict and return it in the morning.” The objection is not that the privilege was given to the jury to seal their verdict. This would have allowed them to disperse. But we suppose the parties consented to that, at least it does not appear that the jury did disperse before rendering their verdict. Defendant complains that the remark tended to unduly hasten the jury in their deliberations. This might have been true, had the right not been given them, in case they did not soon agree, to seal their verdict and disperse. This relieved it from being an injunction that might otherwise have given even the jury a right to complain. It was a remark, after 'all, which was as apt to injure one party as the other, provided either was liable to be injured by it, modified as it was h^_the right extended to the jury.
*362 5. The evidence was very conflicting; indeed, on the main question, positively contradictory. There was no such preponderance on either side to authorize this Court to set the verdict aside, over the refusal of the Court below so to. do, no matter for whom it had been. There were seemingly inexplicable circumstances on both sides. It was hard to tell exactly where the truth did lie. The sole responsibility as to that, in such a case, must be on the jury.
Judgment affirmed.